# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DALE G. WILLS,<br>CDCR #J-16405,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMES TILTON, et al.,<br><br>                    Defendants. | Civil No.   08-1413 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [Doc. Nos. 5, 6, 17];**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b);**<br><br>**and**<br><br>**(3) DENYING MOTIONS FOR APPOINTMENT OF EXPERT AND TELE-VIDEO HEARING AS MOOT [Doc. No. 3, 18]** |

**I.    PROCEDURAL HISTORY**

On September 22, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed

a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. In addition, Plaintiff filed a "Motion for Order to Show Cause Re: Appointment of Expert Witnesses," Motion for Tele-Video Hearing and Motions for Preliminary Injunction and Temporary Restraining Order. [Doc. Nos. 3, 5, 6, 17 and 18].

The Court granted Plaintiff's Motion to Proceed *IFP* on September 29, 2008 [Doc. No. 10]. On November 26, 2008, this matter was reassigned to District Judge Janis L. Sammartino for all further proceedings [Doc. No. 13].

**II.   MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Plaintiff has filed a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order. [Doc. Nos. 5, 6, 17].

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

In addition, Rule 65 of the Federal Rules of Civil Procedure also provides that a court "may issue a preliminary injunction only on notice to the adverse party." FED.R.CIV.P. 65(a). As a preliminary matter, Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order do not comply with Rule 65's important procedural notice requirement. Here, Plaintiff has not demonstrated that his Complaint, or his Motions have been served on any named Defendant. And while Defendants, as employees of the CDCR, may ultimately be represented by the Attorney General in this matter, there has been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts

have been made to give notice of his Motions or Complaint to any named Defendant.

As noted above, under Federal Rule of Civil Procedure 65(b), a temporary restraining order may only be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). Here, Plaintiff has failed to specify any facts that show an "immediate and irreparable injury, loss or damage" which will result if the Court fails to issue a temporary restraining order for all the reasons set forth in detail below.

Plaintiff's Motions do not comply with these elemental requirements of Federal Rule of Civil Procedure 65. Thus, for all these reasons, the Court must **DENY**, without prejudice, Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order [Doc. Nos. 5, 6, 17] pursuant to FED.R.CIV.P. 65.

### III.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

1  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of
2  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection
3  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint
4  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
5  (discussing 28 U.S.C. § 1915A).

6  "[W]hen determining whether a complaint states a claim, a court must accept as true all
7  allegations of material fact and must construe those facts in the light most favorable to the
8  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
9  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
10 duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
11 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
12 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

13 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
14 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
15 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
16 United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
17 *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
18 1350, 1354 (9th Cir. 1985) (en banc).

19 **A.   Statute of Limitations**

20 As a preliminary matter, the Court finds that Plaintiff's Complaint is subject to sua sponte
21 dismissal because it appears from the face of Plaintiff's pleading that a majority of his claims
22 are barred by the statute of limitations. While Congress has provided no federal statute of
23 limitations governing section 1983 claims, the Supreme Court has held that federal courts should
24 use the forum state's single most appropriate statute of limitations applicable to personal injury
25 actions for all section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying
26 on *Wilson*, the Ninth Circuit has found that the one-year statute of limitations of California Code
27
28

of Civil Procedure § 340(3)[1] is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

Here, Plaintiff complains of various doctors and prison officials denying him access to adequate medical care in 2003 and 2004. (*See* Compl. at 15-18.) However, Plaintiff filed this action on September 22, 2008, over five years from the time he first claims that the Defendants violated his constitutional rights.

Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). Thus, Plaintiff's claims against Defendants, accruing in 2003, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against most of these Defendants no later than July 2008.

/ / / /

/ / / /

/ / / /

---

[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3). On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions. However, the longer period found in § 335.1 is inapplicable to Plaintiff's action. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides for such an extension).

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). If Plaintiff chooses to amend his Complaint, he must plead facts sufficient to support the equitable tolling of his claims.

### B.   Eighth Amendment medical care claims

In his Complaint, Plaintiff alleges he has been denied adequate medical care because prison doctors and medical personnel refuse to provide him with all the medical treatment prescribed by Dr. Huntley for his severe acne. In addition, Plaintiff makes reference to having a hernia that prison officials refuse to treat. The Court finds that Plaintiff has failed to allege facts sufficient from which the Court could find that Plaintiff suffers from a "serious" medical need. In order to assert a claim for inadequate medical care, Plaintiff must allege the defendant was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This rule applies to "physical, dental and mental health." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).

"[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Thus, to state a claim for cruel and unusual punishment, Plaintiff must allege both: (1) an objectively "serious" medical need, *i.e.*, one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual defendant. *See Wilson v.*

1  *Seiter*, 501 U.S. 294, 302 (1991).

2  Here, Plaintiff must allege that Defendants knew of a serious need for medical treatment, yet nevertheless disregarded his need despite the excessive risk posed to Plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994)  In his Complaint, the majority of Plaintiff's claims appear to relate to a disagreement with prison officials as to the type of treatment he should receive and the change in his prescription medication   However, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).   Moreover, the facts alleged by Plaintiff indicate that he was seen by prison doctors on a number of occasions and was prescribed medication to treat his acne.  Thus, the Court finds that Plaintiff has not alleged any facts from which the Court could find that Defendants acted with  "deliberate indifference." *Estelle*, 429 U.S. at 106.

14  **C.     Respondeat Superior**

15  In his Complaint, Plaintiff seeks to hold Defendants Tilton, Woodford, Alameida, Terhune, Grannis, Runnels, Scribner and Adams liable in their supervisory capacities.  However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).

22  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the

deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Tilton, Woodford, Alameida, Terhune, Grannis, Runnels, Scribner and Adams.

Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

## IV.
### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Orders [Doc. Nos. 5, 6 and 17] are **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65; and

(2) Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

/ / / /

/ / / /

1  (3) Plaintiff's Motion for Appointment of Expert Witnesses and Motion for Tele-
2 Video Hearing on Motion for Preliminary Injunction [Doc. Nos. 3, 18] are **DENIED** as moot.
3  **IT IS SO ORDERED.**
4 DATED: February 3, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge