# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DALE G. WILLS, CDCR #J-16405,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES TILTON, et al.,<br><br>Defendants. | Civil No. 08-1413 JLS (BLM)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 23]** |

## I. PROCEDURAL HISTORY

On September 22, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. In addition, Plaintiff filed a "Motion for Order to Show Cause Re: Appointment of Expert Witnesses," Motion for Tele-Video Hearing and Motions for Preliminary Injunction and Temporary Restraining Order. [Doc. Nos. 3, 5, 6, 17 and 18].

The Court granted Plaintiff's Motion to Proceed *IFP* on September 29, 2008 [Doc. No. 10]. On November 26, 2008, this matter was reassigned to District Judge Janis L. Sammartino for all further proceedings [Doc. No. 13]. The Court denied Plaintiff's Motions for Preliminary Injunction, Temporary Restraining Order, Appointment of Experts and Tele-Video Hearing. (*See* Feb. 3, 2009 Order at 8-9.) In addition, the Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (*Id.*) Plaintiff has now filed a Motion for Reconsideration of the Court's Order [Doc. No. 23].

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

#### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[1] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

///

///

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

**B. Discussion**

In this Motion, Plaintiff argues that the Court applied a "heightened pleading standard" when the Court dismissed his Complaint for failing to state a claim which was "clearly erroneous." (Pl.'s Mot. at 2.)

In Plaintiff's Complaint, he alleges that he was denied medical care in violation of his Eighth Amendment rights beginning in 2003. (*See* Compl. at 15-18.) As the Court informed Plaintiff, these claims are barred by the applicable statute of limitations. (*See* Feb. 3, 2009 Order at 4-6.) Plaintiff was given leave to file an Amended Complaint to plead facts sufficient to support the equitable tolling of his claims. (*Id.* at 6.) There is nothing in Plaintiff's Motion for Reconsideration to suggest that the Court overlooked any facts supporting equitable tolling of his claims.

In addition, Plaintiff objects to the Court's dismissal of several Defendants that he clearly seeks to sue in their supervisory capacity. For example, Plaintiff names former and current Secretaries and Directors of the California Department of Corrections and Rehabilitation. (*See* Compl. at 1-4.) There are no facts to suggest, as is required in pleading an Eighth Amendment claim, that these Defendants had played any direct role in the alleged failure to provide Plaintiff with adequate medical attention. Thus, the Court dismissed these Defendants, again with leave to amend, because there is no respondeat superior liability under 42 U.S.C. § 1983. (*Id.* at 7.)

Finally, Plaintiff has filed a declaration in which he claims that Dr. Jean Pierre prescribed some medication for him in September 2008 which he has not received. (*See* Pl.'s Decl. at 2.) This is the basis for Plaintiff's requests for preliminary injunctive relief. However, Dr. Pierre is not a named Defendant in this action and Plaintiff has not identified any Defendant by name whom he claims is responsible for the alleged denial of adequate medical care. A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Under Federal Rule of Civil Procedure 65(d), an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual

notice of the order." The district court must, therefore, tailor the injunction to affect only those persons over which it has power. *See Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481 (1978). The party referred to in Plaintiff's declaration and his request for reconsideration are not part of the action that is currently pending before this Court. Therefore, this Court simply lacks the power to grant the injunctive relief Plaintiff seeks. *See Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983).

Based on the allegations set forth in Plaintiff's Motion, Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Reconsideration [Doc. No. 23] is **DENIED**. The Court will sua sponte **GRANT** Plaintiff a thirty (30) day extension of time to file a First Amended Complaint from the date this Order is entered. Plaintiff's First Amended Complaint must comply with the Court's February 3, 2009 Order.

**IT IS SO ORDERED.**

DATED: March 20, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge