# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| DALE G. WILLS, CDCR #J-16405, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES TILTON, et al., <br><br> Defendants. | Civil No. 08-1413 JLS (BLM) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION DURING PENDENCY OF APPEAL** <br><br> **[Doc. No. 28]** |

## I.

### PROCEDURAL HISTORY

On September 22, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. In addition, Plaintiff filed a "Motion for Order to Show Cause Re: Appointment of Expert Witnesses," Motion for Tele-Video Hearing and Motions for Preliminary Injunction and Temporary Restraining Order. [Doc. Nos. 3, 5, 6, 17 and 18].

| | |
|---|---|
| 1 | The Court granted Plaintiff's Motion to Proceed *IFP* on September 29, 2008 [Doc. No. |
| 2 | 10]. On November 26, 2008, this matter was reassigned to District Judge Janis L. Sammartino |
| 3 | for all further proceedings [Doc. No. 13]. The Court denied Plaintiff's Motions for Preliminary |
| 4 | Injunction, Temporary Restraining Order, Appointment of Experts and Tele-Video Hearing. |
| 5 | (*See* Feb. 3, 2009 Order at 8-9.) In addition, the Court sua sponte dismissed Plaintiff's |
| 6 | Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (*Id.*) |
| 7 | Plaintiff then filed a Motion for Reconsideration of the Court's Order [Doc. No. 23]. On March |
| 8 | 20, 2009, the Court denied Plaintiff's Motion for Reconsideration and provided him a sua sponte |
| 9 | extension of time to file a First Amended Complaint in accordance with the Court's February |
| 10 | 2, 2009 Order. |

On March 23, 2009, Plaintiff filed a "Notice Regarding Submitted Matter" [Doc. No. 25]. In this document Plaintiff states that he "hereby elects to stand on his complaint as such is currently pleaded." (*See* Pl.'s Notice at 1.) The Court construed this as notice that Plaintiff does not intend to file an Amended Complaint as directed in the Court's February 3, 2009 Order. Accordingly, the Court dismissed Plaintiff's action and closed the file on March 31, 2009 [Doc. No. 26]. Plaintiff then filed a Notice of Appeal and a "Notice of Motion and Motion for Injunction During Pendency of Appeal" pursuant to FED.R.CIV.P. 62(c) [Doc. No. 28].

## II.

### MOTION FOR INJUNCTION DURING PENDENCY OF APPEAL

Plaintiff moves for "an order to issue an injunction during the pendency of an appeal enjoining and restraining would be defendant James Tilton" from refusing to prescribe various medications and refusing to issue specific medical chronos to Plaintiff. (Pl.'s Mot. at 1-2.) A district court "retains jurisdiction during the pendency of an appeal to preserve the status quo" pursuant to FED.R.CIV.P. 62(c). *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case" and the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Id.*

///

District courts must consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Here, Plaintiff is unable to satisfy even the first element as he is unable to show a likelihood of success on the merits. When the Court sua sponte screened Plaintiff's original Complaint, as it is required to do by the Prison Litigation Reform Act ("PLRA"), the Court dismissed Plaintiff's Complaint for failing to state a claim upon which § 1983 relief could be granted. *See* Feb. 3, 2009 Order at 8-9. However, the Court informed Plaintiff of the deficiencies of pleading and gave Plaintiff the opportunity to correct these deficiencies by filing an Amended Complaint. *Id.* Instead, Plaintiff informed the Court that he did not wish to correct the deficiencies of pleading and the Court then dismissed this action for failing to comply with the Court's February 3, 2009 Order. *See* Mar. 31, 2009 Order at 2. The Court's finding that Plaintiff failed to state a claim indicates that he is unable to show a likelihood of success on the merits. Thus, Plaintiff has failed to meet the threshold requirement necessary to grant his current Motion.

### III.

### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Injunction During Pendency of Appeal [Doc. No. 28] pursuant to FED.R.CIV.P. 62(c) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 13, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge